# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br>v.<br><br>Damian Quijada Jasso,<br><br>    Defendant. | CR 16-00480-TUC-JGZ(BGM)<br><br>**MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION UPON ADMISSION(S)** |

Pending before the Court is a Second Superseding Petition to Revoke Probation (Doc. 78) filed on July 28, 2017. On August 18, 2017, the Defendant appeared before Magistrate Judge Eric J. Markovich and admitted Allegations C and D of the Petition, and the Government moved to dismiss Allegation B at the time of Disposition. The Defendant denied allegation A and requested a hearing on this allegation. Magistrate Judge Markovich submitted Findings and Recommendations Upon Admission (Doc. 84) to District Judge Jennifer G. Zipps. On September 5, 2017, District Judge Zipps adopted the Magistrate Judge's Findings and Recommendations and accepted the Defendant's admissions as to Allegations C and D (Doc. 85).

An Evidentiary Hearing occurred before Magistrate Judge Bruce G. Macdonald on September 6, 2017. The Defendant was present and assisted by counsel. The Government presented one witness, United States Probation Officer Kathleen Nunez, and admitted her exhibits into evidence. (Exhibits 1, 2 and 3 attached.) The Defendant did not testify. Pursuant to LRCrim. 5.1, this matter came before Magistrate Judge Macdonald

for an evidentiary hearing and a report and recommendation. *See also* 18 U.S.C. § 3401(i). The Magistrate Judge recommends that the District Judge, after her independent review, find the Defendant did violate the terms of his supervised release as set out in Allegation A of the Second Superseding Petition.

## I. BACKGROUND

On March 11, 2016, Defendant pled guilty to the felony offense of Transportation of Illegal Aliens for Profit. *See* Minute Entry 3/11/16 (Doc. 24.) On August 5, 2016, the District Judge sentenced Defendant to probation for a term of Three (3) Years. *See* Judgment in a Criminal Case filed on August 9, 2016 (Doc. 50).

On July 28, 2017, Defendant's Probation Officer, Kathleen Nunez, filed a Second Superseding Petition to Revoke Probation (Doc. 78), alleging in Allegation A violation of the following condition:

Standard Condition #1: "You must not commit another federal, state or local crime."

The Defendant's actions alleged to have resulted in violation were described as follows:

"On or about January 17, 2017, Jasso committed new criminal conduct of Attempt to Trafficking in Stolen Property, in violation of A.R.S. §§ 13-1001 13-2307, a Class 4 Felony, as evidenced by his conviction and sentence in Pima County Superior Court Case No. CR20171391-001 to 2.5 years imprisonment. A Grade B violation §7B1.1(a)(2)."

United States Probation Officer Kathleen Nunez, the Defendant's Probation

Officer testified at the hearing. Three exhibits were admitted into evidence by the Government, Conditions of Probation (Exhibit 1), Pima County Superior Court certified prior documents (Exhibit 2), and Arizona Department of Corrections certified documents (Exhibit 3).

**II. ANALYSIS**

"In evaluating the sufficiency of the evidence supporting a supervised release revocation, 'we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence.'" *United States v. Thum,* 749 F.3d 1143, (9th Cir. 2014) (Quoting *United States v. King*, F.3d 1122 (9th Cir. 2010)) (internal quotation marks omitted) (citations omitted); *see also* 18 U.S.C. § 3583€(3). The Federal Rules of Evidence do not apply to a revocation hearing. Fed.R.Evid. 1101(d)(3); *United States v. Martin*, 984 F.2d 308, 310-11 (9th Cir. 1993).

The Defendant's attorney argued at the Evidentiary Hearing the Government needed to prove the Defendant was the same individual who was convicted in Pima County Superior Court Case No. CR20171391-001 and sentenced to 2.5 years in the Arizona Department of Corrections.

The Defendant's attorney filed a Petition for Writ of Habeas Corpus Ad Prosequendum/Motion for Speedy Disposition of Probation Revocation (Doc. 75), in which it was stated:

"Mr. Jasso was initially placed on probation in the above captioned case. Since being place on probation, he has violated its terms, fled from supervision and is

currently on warrant status in the above captioned matter. Mr. Jasso is currently in the custody of the Department of Corrections for the State of Arizona in ... CR20171391."

Therefore, the Defendant's attorney represented that the Defendant was in the custody of the Department of Corrections for the State of Arizona in case number CR20171391.

The certified records from the Clerk of the Superior Court for Pima County (Exhibit 2) for case CR-20171391-001 show that Damian Quijada Jasso, date of birth 3/14/1994, pled guilty to the charge of Attempt to Traffic in Stolen Property, Second Degree, a Class Four Felony, and sentenced to 2.5 years imprisonment in the Arizona Department of Corrections.

The certified records from the Arizona Department of Corrections (Exhibit 3) show that Damian Quijada Jasso, date of birth 3/14/1994, was sentenced on July 3, 2017, to 2 years and 6 months (or 2.5 years) in the Arizona Department of Corrections in Cause Number 20171391001.

### III. CONCLUSION

The Government has established by a preponderance of the evidence that Defendant Jasso violated the terms of his probation as set forth in Allegation A of the Petition.

### IV. RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. §636(b) and 18 U.S.C. §3401(i), the Magistrate Judge **RECOMMENDS** that the District Judge, after her independent review of the record, find that the Defendant did violate Standard Condition Number 1

(Allegation A).

**IT IS FURTHER RECOMMENDED** that this matter be set for a Disposition Hearing on Allegations A, B, C and D of the Petition, at **11:20 a.m. on October 11, 2017.**

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections with fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Judge. If objections are filed, the parties should use the following case number: **CR 16-00480-TUC-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed.R.Crim. 59 may result in waiver of the right of review.

Dated this 18th day of September, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge